UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JAMES ANTHONY BARRAGAN**  BOP#14659-035 | : | **CIVIL ACTION  2:14-CV-1811**  **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **C. MAIORANA** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is an application for a writ of *habeas corpus* filed *pro se* under 28 U.S.C. § 2241 by James Barragan (hereinafter "Barragan"), an inmate in the custody of the Federal Bureau of Prisons. He is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana. This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

Barragan pled guilty to possession with intent to distribute Methamphetamine, a violation of 21 U.S.C. § 841(a)(1), and to possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Doc. 4, att. 1, p. 2. On February 15, 2012, the Lafayette Division of this court sentenced him to one hundred eighty months imprisonment. *Id*

Here Barragan asserts that he is actually innocent of the § 924(c)(1) sentence enhancement because controlling circuit precedent at the time of his conviction precluded relief

from the conviction. Doc. 4, att. 1, pp. 2, 3. In support of his claim Barragan relies on the United States Supreme Court decisions in *Descamps v. United States*, 133 S.Ct. 2276 (2013), *Bailey v. United States,* 516 U.S. 137 (1995), and *Bousley v. United States,* 523 U.S. 614 (1998). Doc. 4, att. 1, p. 3. He asks this court to vacate his § 924(c)(1) conviction and remand his case for resentencing. Doc. 4, att. 1, p. 5.

## II.
### LAW AND ANALYSIS

At the onset this court must determine whether Barragan's claims are properly raised in a § 2241 *habeas* petition.

A collateral attack on a federal criminal conviction is generally limited to a motion to correct, vacate, or set aside sentence under § 2255. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000); *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). An application for writ of habeas corpus brought under § 2241 may be properly construed as a § 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Id.* at 877, 878. The savings clause of 28 U.S.C § 2255 permits a petitioner to seek habeas relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001); *Reyes–Requena v. United States,* 243 F.3d 893, 901 (5th Cir. 2001). A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden to show such inadequacy or ineffectiveness under § 2255 rests on the petitioner. *Jeffers,* 253 F.3d at 830.

In order to meet the burden of establishing an ineffective or inadequate remedy under § 2255, a petitioner must satisfy two factors. A prisoner seeking relief under the "savings clause" must establish: (1) that his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) that his

claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first motion under § 2255. *Reyes-Requena*, 243 F.3d at 904. Nonetheless, we recognize that a remedy under § 2255 is not necessarily inadequate or ineffective simply because a petitioner has previously been denied the same relief, is unable to meet the second or successive requirement, *Jeffers,* 253 F.3d at 830, or is barred from seeking it under the one-year limitations period. See *Pack v. Yusuff,* 218 F.3d 448, 452, 453 (5th Cir. 2000) (rejecting argument that procedural bar of one-year limitations in § 2255 rendered remedy inadequate).

Here Barragan collaterally attacks the legality of his conviction and sentence, not the manner in which his sentence is being executed. Accordingly, his claim is appropriately characterized as a motion to vacate pursuant to 28 U.S.C. § 2255. Barragan contends that the remedy provided under § 2255 is inadequate or ineffective. Doc. 4, att. 1, p. 3. Specifically, he claims that his trial counsel failed to file a timely appeal, therefore, he did not file a 28 U.S.C. § 2255 petition and the time for doing so has now expired. *Id*. Doc. 4, att. 1, p. 3. Again, however, § 2255 relief is not inadequate or ineffective simply because it is unavailable under the one-year limitations period. *Pack v. Yusuff,* 218 F.3d at 452-453.

Barragan urges this court to apply the recent Supreme Court decision in *Descamps* to his case. However, *Descamps* does not provide the relief that he seeks. The Supreme Court has unequivocally stated "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). The Supreme Court has not declared *Descamps* to be retroactively applicable on collateral review.[1]

---

[1] See *Randolph v. United States*, 2013 WL 5960881 (D. Md. Nov. 6, 2013) ("The Supreme Court has not, however, indicated that *Descamps* applies retroactively to cases on collateral appeal, and this court is not aware of any circuit court opinion so holding."); *Roscoe v. United States*, 2013 WL 5636686 (N.D. Ala. Oct. 16, 2013) (noting the Supreme Court has not made *Descamps* retroactively applicable on collateral review); *Strickland v. English*, 2013

Likewise, Barragan's reliance on the Supreme Court's decisions in *Bailey* and *Bousley* is also misguided because both cases were decided long before he was convicted in 2012. *Bailey* was decided in 1995, and *Bousley* in 1998; accordingly, neither a *Bailey* nor a *Bousley* claim was foreclosed at any time relevant to the petitioner's conviction.

Finally, the Fifth Circuit has consistently rejected claims attacking sentence enhancements under the savings clause. *Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011); *Kinder v. Purdy*, 222 F.3d 209, 213–14 (5th Cir. 2000). A claim of actual innocence raised in order to challenge a sentencing enhancement "is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under Section 2241." *Bradford*, 660 F.3d at 230

### III.
#### CONCLUSION

For the reasons stated, we conclude that Barragan cannot rely on the savings clause of § 2255 to bring this motion under § 2241. Barragan has not met the savings clause requirements of § 2255, and his additional arguments that he should be allowed to proceed with this *habeas* petition are without merit.

Accordingly, **IT IS RECOMMENDED** that the petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 be **DISMISSED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this report and recommendation have fourteen (14) days from its service to file specific, written objections with the Clerk of Court. A party may respond to another party's objections

---

WL 4502302 (N.D. Fla. Aug. 22, 2013) (finding that "*Descamps* does not open the § 2241 portal" to review the claim under the savings clause).

within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

THUS DONE this 16th day of April, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE